UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>v.<br><br>$2,200,000.00  U. S. CURRENCY (Bowles);<br><br>    Defendant. | Civil No.  1:12-cv-03501-ELH |
| M&C WHOLESALE, LLC<br><br>    Claimant<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | |

CLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

INTRODUCTION

Claimant agrees with the government that the issues relating to the constitutionality of the Analog Act should be addressed at an evidentiary hearing.  However, the primary issue of the government's failure to state a cause of action as to most of the proceeds seized should be addressed by this Court in Claimant's Motion.

ARGUMENT

I.   CLAIMANT IS ENTITLED TO AN IMMEDIATE RETURN OF THE SUM OF
     $56,534.32 AS THE MONIES WERE HELD IN THE ACCOUNT PRIOR TO
     MARCH 1, 2011.

The Government, again, posits an interesting argument for forfeiture of all monies maintained

in Claimant's account. As demonstrated, the Government cannot and does not even allege illegal

proceeds totaling $2.2 million. Nevertheless, Claimant is entitled to immediate release of the funds

deposited in the seized checking account prior to March 1, 2011.

The Government bases its entire seizure upon the premise that UR-144, AM-2201 and MAM-

2201 were banned analog substances of JWH-018. As identified in Page 3 of the Government's

Response, JWH-018 became a Schedule I Controlled Dangerous Substance on March 1, 2011.

Therefore, Claimant could not have manufactured and sold any banned substances relating to JWH-

018 prior to the date in which the substance became a scheduled controlled dangerous substance. It

is undisputed that on February 28, 2011, Claimant maintained the sum of $56,534.22 in the checking

account seized by the government. A true and correct copy of the banking statement identifying said

amount is attached hereto as Exhibit "A". The Government has not alleged and, indeed, cannot

allege that any of the funds on deposit as of that date were the proceeds of illegal transactions.

In a similarly interesting approach, the Government suggests that this Court adopt the "first in,

first out" accounting principle. In support, the Government urges that *United States v. Banco

Cafetero Panama*, 797 F.2d 1154 (2nd Cir. 1986) should be adopted. However, the entire funds

forfeited in the *Banco* case relate to the timing of deposited funds clearly traceable to drug sales. In

the instant case, the funds could not have resulted from the sale of any banned substance as, by the

Government's own admission, JWH-018 did not become a banned substance until March 1, 2011.

Accordingly, the Court should immediately order return to Claimant the sum of $56,534.22.

II.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT
        PARTICULARITY WITH RESPECT TO THE FUNDS SEIZED

The Government addresses this issue in three short paragraphs.   A reading of the

Government's position suggests that the Government believes that it can seize any amounts, at any

time, from any account, without probable cause or, indeed, any piece of evidence whatsoever.   In its

response, the Government indicates that it is not required to trace funds that it attempts to seize or,

that it must show any rational relationship whatsoever with respect to alleged illegal conduct and

Claimant's monies.

Contrary to the Government's position, a higher standard of pleading is required in forfeiture

matters.   Greater particularity is required than in most Complaints drafted under the Rules of

Civil Procedure due to the drastic nature of forfeiture.   See, *United States v. Two Parcels of Real

Property Located in Russell County, Al.*, 92 F.3d 1123, 1126 (11th Cir. 1996) (citing *United

States v. Property located at 4880 S. E. Dixie Highway, 838* F.2d 1558 (11th Cir. 1988): *United

States v. $38,000 in United States Currency*, 816 F.2d 1538 (11th Cir. 1987); *United States v.

Daccarett*, 6 F.3d 37 (2dCir. 1993), cert. denied. 510 U.S. 1191 (1994): *United States v. 384-390

Broadway*, 964 F.2d 1244, 1248 (1st Cir. 1992); *United States v. 2323 Charms Rd.*, 946 F.2d 437

(6th Cir. 1991); *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d. Cir. 1989), reh'g

denied, 897 F.2d 759 (1990); *United States v. South Side Finance*, 755 F. Supp. 791 (N.D. Ill.

1991); United *States v. Real Property Known as 777 East 3rd Street, New York, New York*, 1995

WL 110096 (S.D.N.Y. Mar 14, 1993); *United States v. $59,074.00 in U.S. Currency*, 959 F.

Supp. 243 (D.N.J. 1997 ) (citing *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210,

3

1215 (10th Cir. 1986)); Untied *States v. A 1966 Ford Mustang (Shell Only)*, 945 F. Supp. 149, 152 (S.D. Ohio 1996) ("Civil forfeiture complaints are judge by the standards contained in Rule E(2)(a) of the Supplemental Rules.

Claimant must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. See *Giuidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The U.S. Supreme Court has stated that dismissal is appropriate unless the factual allegations are sufficient to raise a right to relief above the speculative level. *Bell A. Corp. v. Twombly*, 550 U.S. 554 (2007). The government may not seize and continue to hold property upon conclusory allegations that the defendant property is forfeitable. *United States v Certain Accounts*, 795 F. Supp. 391, 394 (S.D. Fla. 1992). See also *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987); *United States v. $59,074.00 in U.S. Currency*, 959 F. Supp. 243 (D.N.J. 1997) (Section 881 complaint "must contain more than conclusory allegations; although it need not plea evidence, it must plead facts to support its allegations") (quoting *United States v. One Partially Assembled Drag Racer*, 899 F. Supp. 1334, 1340 (D.N.J. 1995).

The proper inquiry in this case is to review the facts alleged by Plaintiff without speculation. The facts alleged by Plaintiff with respect to forfeiture of the $2.2million are as follows:

| PARAGRAPH | ALLEGATION |
|-----------|------------|
| 7 | JWH-018 became a Schedule I Controlled Dangerous Substance on March 1, 2011. |
| 57 | 20 checks and money orders payable to Daniel Bowles or M&C Wholesale listed on Attachment A were seized (apparently on July 25, 2012). |

| 77 | From November, 2010 to December, 2011, The Tobacco Shop issued various checks totaling $66,117.50 made payable to M&C Wholesale. |
|----|----|
| 78 | The signatures on the M&C Wholesale account are Daniel Bowles and Chelsea Bowles. |
| 79 | On July 16, 2011, there was in aggregate $324,522.00 deposited into that account for a single day. |
| 80 | Most of the deposits came from business establishments with names like "D&A Smoke Shop", etc." |
| 81 | The Smoke Shop businesses sent checks and money orders identified in Attachments A, B and C, which total $370,215.50. |
| 84 | The government seized $2.2 million from the Wells Fargo Account. |

The above constitute the entire factual scenario upon which the government alleges it is entitled to seize $2.2 million from Claimant's bank account. Interestingly, the seized sum of $2.2 million appears to be arbitrary and capricious. The First Amended Complaint does not trace, and does not factually allege potential seizable funds, more than the sum of $370,215.50 as identified in Attachments A, B and C. Curiously, the government did not even seize the entire balance in the account as of the date of seizure. This would suggest that the government had some formula or secret basis to seize less than the entire proceeds of the account notwithstanding its speculative conclusion that all monies in the account resulted from the sale of illegal substances.

In *United States v. $448,342.84, et al.*, 969 F.2d 474 (7th Cir. 1992), the Court addressed a similar situation where the government attempted to overreach in connection with forfeiture proceedings. In that case, the Court ruled that only property used in or traceable to the specified unlawful activity is forfeited. Here, the First Amended Complaint only alleges, with specificity, its theory of forfeiture of approximately $370,215.50. The government merely suggests, without any

specific allegation whatsoever, that the odd sum of $2.2 million from the account represented

proceeds from illegal activity.  Such is a speculative conclusion and does not rely upon the facts

requisite to survive a Motion to Dismiss.

The 7th Circuit further stated:

> Shooting for the moon, the United States insists that it matters not whether the balances in the accounts may be traced to "specific unlawful activity".  The accounts were "involved in" the fraud during 1988, and that is that.  This approach treats the accounts as the criminals, taking the concept of deodands one step further (an account is not even a tangible object).  Bank accounts do not commit crimes.  People do.  It makes no sense to confiscate whatever balance happens to be in an account bearing a particular number, just because proceeds of crime once passed through that account...  Once we distinguish the money from its container, it also follows that the presence of one illegal dollar in an account does not taint the rest – as if the dollar obtained from fraud were like a drop of ink falling into a glass of water.

Id. at 476.

In the instant case, the government concludes that all monies in the account are tainted due to

the deposit of $370,215.50 as of July 27, 2012.  This conclusion is based solely on a speculation

which is improper pursuant to *Bell A. Corp. v. Twombly*, supra.

Indeed, many jurisdictions, including the Fourth Circuit, have found that the

Government does have an obligation to show traceability of assets to be forfeited.  See, *United*

*States v. Louthian*, 021513 VAWDC, 1:12CR00002 (2013), see Footnote 1; *United States v.*

*Swanson*, 394 F.3d 520 (7th Cir. 2005); *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141 (3rd

Cir. 2003); *United States v. Smith*, 278 F.3d 1348 (D.C. Circ. 2002); *United States v. 1 1997 E 35*

*Ford Van*, 50 F. Supp. 2d 789 (N.D. Ill. 1999); U.S. v. *United States Currency Deposited in*

*Account No. 1115000763247*, 176 F.3d 941 (7th Cir. 1999); *United States v. Baker*, 82 F. Sup. 2d

936 (S.D. Ill. 1999); *United States v. Trost*, 152 F.3d 715 (7th Cir. 1998); *United States v.*

*Account No. 50-2830-2*, 857 F. Supp. 1534 (M.D. Ala. 1994); and *United States v. Joseph Health & Beauty Supply*, 807 F. Supp. 320 (S.D. N.Y. 1992).

Many Federal Courts, including the United States Supreme Court, have expressed a concern over the "virtually unchecked use of the civil forfeiture statutes and the disregard for due process that is buried in those statutes." See, *United States of America v. Funds Benefit of John Wettterer*, 210 F.3d 96 (2nd Cir. 2000). See also, The United States v. All *Assets of Statewide Auto Parts*, 971 F.2d 896 (2nd Cir. 1992); *United States v. James Daniel Good Real Property*, 540 U.S. 43 (1993). As a result of the government's overreaching, Congress passed legislation reforming certain features of the forfeiture statutes which shifted the burden of proof to the government and raised the legal standard for seizures before conviction. See, *United States v. Funds Benefit of John Wettterer*, supra. The Court specifically included in its opinion the statement of Senator Lahey, noting the need to [temper "prosecutorial zeal" which "skirts the boundaries of due process, leading to the taking of private property regardless of whether the owner is innocent of, or even cognizant of, the properties used in an illegal act, or whether the seizure is <u>entirely out of proportion to the criminal conduct alleged</u>"]. (Emphasis added). See, United States v. *Funds Benefit of John Wettterer*, supra, at Page 110.

In the instant case, the government has failed to allege, with particularity, any reasonable suspicion that more than $370,215.50 should be forfeited. If the Court is persuaded that the government has properly alleged a basis to seize that amount, then the Court should allow the government to retain that amount pending the trial of this matter. However, the Court should immediately order that the remaining funds totaling $1,829,784.50 be immediately returned to

Claimant.  Claimant is also entitled to an award of interest based upon the government's improper seizure.

Alternatively, the Court should order an immediate return of the sum of $56,534.32 which represents proceeds held in the account prior to March 1, 2011 and require the government to make a more definite statement as to why forfeiture of the odd number of $2.2 million should be allowed.

<u>CONCLUSION</u>

Based upon the foregoing, Claimant's Motion to Dismiss should be granted.

Respectfully submitted this 19th day of August, 2013.

/s/ Randall L. Skeen
Specially admitted Pro Hac Vice
And appearing specially for
 Claimant/Defendant
rkseen@skeenandrobinson.com
COOK, SKEEN & ROBINSON, LLC
5788 South 900 East
Salt Lake City, Utah 84121
Telephone:  (801) 266-7414
Facsimile:  (801) 892-5067

/s/ William R. Feldman
WILLIAM R. FELDMAN
Attorney for Claimant
wrflaw@aol.com
451 Hungerford Drive, Suite 210
Rockville, MD 20850
Telephone: (301) 469-3618
Facsimile:  (301) 469-3611

CERTIFICATE OF SERVICE

I certify that on the 19th day of August, 2013, a true and correct copy of the foregoing

Claimant's Reply in Support Motion to Dismiss Amended Complaint and Alternative Motion for

More Definite Statement was electronically filed with the Clerk of the Court using the CM/ECF

system which will send notification of such filing by e-mail to the following:

Philip S. Jackson
Assistant United States Attorney
36 South Charles Street Fourth Floor
Baltimore MD 21201

/s/ Mary L. Ballingham
SECRETARY